UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WILSON DEMOUCHET                       CIVIL ACTION NO. 09-CV-2138

VERSUS                                 JUDGE MELANCON

COLES CONSTRUCTION CREWS INC           MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

On June 22, 2011, a hearing was held before the undersigned with regard to attorney L. Clayton Burgess's motion to withdraw as counsel of record for the plaintiff, Wilson Demouchet (Rec. Doc. 13). The plaintiff had been ordered to attend the hearing (Rec. Doc. 14), and Mr. Burgess established at the hearing that the plaintiff was notified by certified mail. The plaintiff did not appear at the hearing. Efforts to contact Mr. Demouchet during the hearing were unsuccessful. The motion to withdraw as counsel was granted. (Rec. Doc. 17).

Following the June 22, 2011 hearing, the undersigned issued an order (Rec. Doc. 17), for the plaintiff to appear in court on July 27, 2011 to show cause why this case should not be dismissed. The order also instructed the plaintiff to advise the court if he retained new counsel, and to advise the court before July 27, 2011 if he intended to retain new counsel or to proceed *pro se.* The order was served on the

plaintiff by certified mail. (Rec. Doc. 18). The plaintiff did not advise the court that he retained new counsel, did not advise the court if he planned to proceed with or without legal representation, and the plaintiff did not appear at the July 27, 2011 on-the-record hearing, nor did the plaintiff contact the court before, during or after the hearing.

Fed. R.Civ.P. 41(b) provides for involuntary dismissal for failure to prosecute or failure to comply with a court order. *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The dismissal may be on motion or *sua sponte*. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988), *Martin v. Pearson,* 405 Fed. Appx. 859, 860 (5th Cir. 2010). Unless the dismissal order states otherwise, the dismissal shall operate as an ajudication on the merits. Fed.R.Civ. P 41(b). Accordingly, the undersigned recommends that this case be dismissed without prejudice.

It is further recommended that, within ninety days of the date on which this suit is dismissed, the plaintiff be permitted to file a motion to reopen this case, stating the reasons he failed to attend the July 27, 2011 hearing and why this case should not be dismissed with prejudice.

It is further recommended that the Clerk of this Court be ordered to serve a copy of any dismissal order on the plaintiff at his last known

address, which is 618 Railroad Avenue, Breaux Bridge, LA 70517.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 27th day of July 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)